UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| PARRIS DAVON EDWARD TILLOTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00530-JRO-MJD |
| | ) | |
| FRANK VANIHEL, | ) | |
| YARBER, | ) | |
| JONES, | ) | |
| TRIMMER, | ) | |
| EMILY ENRIQUEZ, | ) | |
| COSS, | ) | |
| 7 UNKNOWN OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING AND DISMISSING COMPLAINT AND
DIRECTING PLAINTIFF TO SHOW CAUSE**

Plaintiff Parris Davon Edward Tillotson is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). He filed this civil action on October 27, 2025. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I.**

**SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same

standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.

## THE COMPLAINT

A plaintiff's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint names the following defendants: 1) Warden Frank Vanihel; 2) Lt. Yarber; 3) Correctional Officer Jones; 4) Correctional Officer Trimmer; 5) Nurse Emily Enriquez; 6) Nurse Coss; and 7) Seven Unnamed Correctional Officers. Mr. Tillotson seeks compensatory damages and a transfer to a level one prison. *Id.* at 8.

On October 19, 2023, Officers Jones and Trimmer escorted Mr. Tillotson from the shower to his cell with his hands in mechanical restraints behind his back. *Id.* at 3. It was close to shift change time and the officers were rushing Mr. Tillotson back to his cell. *Id.* There was dirty sewer water on the floor which caused Mr. Tillotson to fall backward and land on his back on top of the

2

mechanical restraints.  *Id.*  This caused him severe pain in his wrists, back, and entire body.  *Id.*  The officers tried to pick him up, but that caused even more pain.  There was no sign on the floor warning of the slippery water.  *Id.*

Sometime later, Nurse Coss arrived and checked Mr. Tillotson's condition. *Id.* at 4.  She concluded that there was nothing wrong with him.  *Id.*  She left and returned a few minutes later, saying that Dr. Byrd told her to have Mr. Tillotson placed back in his cell.  *Id.*  A second nurse arrived, Nurse Enriquez, who realized that Mr. Tillotson was in a lot of pain.  *Id.*  She contacted Dr. Byrd again and he then told her to call an outside EMT.  *Id.*  About an hour and a half after he fell, the EMT arrived and took Mr. Tillotson.  *Id.* at 4-5.

## III.

## DISCUSSION OF CLAIMS

The Court has considered whether Mr. Tillotson has alleged a viable Eighth Amendment claim against Officers Jones and Trimmer.  "The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide humane conditions of confinement, . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . take reasonable measures to guarantee the safety of inmates."  *Balle v. Kennedy*, 73 F.4th 545, 552 (7th Cir. 2023) (internal quotations omitted).  "An official violates the Eighth Amendment if he exhibits deliberate indifference to a substantial risk of serious harm to an inmate."  *Id.*  (internal quotation omitted).  A prison official's state of mind about the risk of injury to an inmate is "judged subjectively" under the Eighth Amendment.  *Sinn v. Lemmon*, 911 F.3d 412, 419

3

(7th Cir. 2018).

The complaint does not allege that Officers Jones and Trimmer were subjectively aware that the water on the floor posed any danger to Mr. Tillotson. Indeed, there was no sign warning anyone of the potential for slipping. At best, the only plausible inference from the alleged facts is that officers were negligent in how they escorted Mr. Tillotson from the shower to his cell. Negligence is not sufficient to state either an Eighth Amendment conditions of confinement claim or a deliberate indifference to a serious medical need claim. *See Dobbey v. Miller*, 730 F. App'x 375, 378 (7th Cir. 2018) ("Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners; negligence is not enough."); *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019); *Huber v. Anderson*, 909 F.3d 201, 208 (7th Cir. 2018) (negligence or even gross negligence is not sufficient to support a § 1983 claim). Thus, the Court **dismisses** Mr. Tillotson's claims against Officers Jones and Trimmer for **failure to state a claim upon which relief can be granted.**

The claims against Nurse Coss and Nurse Enriquez are dismissed for the same reason. Nurse Coss conferred with the physician and reported that Mr. Tillotson should be taken to his cell. "As a general matter, a nurse can, and indeed must, defer to a treating physician's instructions." *Reck v. Wexford Health Sources, Inc.*, 27 F.4th 473, 485 (7th Cir. 2022). Even if Nurse Coss should have been aware that Mr. Tillotson's condition and pain were more serious than she perceived, Nurse Enriquez arrived moments later and determined that the physician should be told that Mr. Tillotson was in extreme

4

pain.  It was then that Dr. Byrd's instructions changed, and Mr. Tillotson was then seen by an EMT.  Nurse Coss caused no calculable damage to Mr. Tillotson and Nurse Enriquez responded to his complaints of pain in a reasonable manner. Nurse Enriquez was not deliberately indifferent to Mr. Tillotson's condition nor was she negligent.  The claims against both nurses are **dismissed for failure to state a claim upon which relief can be granted.**

Mr. Tillotson names "Seven Unknown Officers" as defendants, but nowhere in the complaint does he mention any other individuals, named or unnamed, who participated in any alleged wrongdoing.  "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation."  *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. . . .  A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).  Because there are no factual allegations against any unnamed officer, any claim against unknown defendants is **dismissed for failure to state a claim upon which relief can be granted.**

Finally, there are insufficient allegations of wrongdoing made against Warden Vanihel and Lt. Yarber.  Their mere positions as Warden and Lieutenant are not enough to find them liable for deliberate indifference under the Eighth Amendment.  The only allegation against them is that they are "added" "for

5

failure to train their employees the right way." Dkt. 1 at 5. There are no factual allegations that would support that conclusory inference. "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010). "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). The claims against Warden Vanihel and Lt. Yarber are **dismissed for failure to state a claim upon which relief can be granted.**

Because the Court has been unable to identify a viable claim for relief against any defendant, the complaint is **dismissed for failure to state a claim upon which relief can be granted.**

## IV.

## ORDER TO SHOW CAUSE

Mr. Tillotson shall have **through April 17, 2026,** in which to **show cause** why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Mr. Tillotson fails to timely respond to this Order to show cause, the case will be dismissed in accordance with 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted, without further notice.

**IT IS SO ORDERED.**

Date: 3/30/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

PARRIS DAVON EDWARD TILLOTSON
259058
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838